**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

MATTHEW L. STASZAK                                                                    PLAINTIFF
Reg. #24227-171

v.                                            2:20-cv-00138-KGB-JJV

UNITED STATES OF AMERICA;
and DARLENE GALLARDO                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.   If
the objection is to a factual finding, specifically identify that finding and the evidence that supports
your objection.   An original and one copy of your objections must be received in the office of the
United States District Court Clerk no later than fourteen (14) days from the date of the findings
and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)
was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Matthew L. Staszak ("Plaintiff") is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC Low").   He has filed a *pro se* Complaint and an Attachment alleging Defendant Darlene Gallardo violated his constitutional rights, as protected by *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and Defendant United States of America is liable for state torts committed by Defendant Gallardo under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671-2680.   (Docs. 1, 2.)   After careful consideration, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

### III.    PLAINTIFF'S COMPLAINT

Plaintiff says that, on May 28, 2019, Defendant Unit Manager Darlene Gallardo ordered him to pack his belongings and move from the Wynne Alpha Unit to the Marianna Bravo Unit in retaliation for him filing a lawsuit, *Staszak v. USA*, 2:19-cv-00052-KGB-PSH (E.D. Ark) ("Staszak 1"), against her on May 9, 2019.   (Doc. 1.)   Plaintiff alleges Defendant Gallardo spoke to him in a "demanding, uncooperative, unprofessional, and obnoxious tone of voice."   (*Id*. at 2.)   And, he says:

> During this time, the outdoor temperature was at or exceeding 90 degrees, with high humidity. Here, Staszak made making [sic] several trips back-and-forth, alone, with no help from anyone. Staszak, while frustrated, moved at a rapid pace from Wynne Alpha Unit to the new assigned unit Marianna Bravo, with only around 30-minutes to do so.

(*Id*. at 3.)   Plaintiff is not upset with the conditions in his new Unit.   Instead, he takes issue with the fact that he was required to move his personal belongings in thirty minutes, without any assistance, and in warm temperatures.   Plaintiff seeks injunctive relief and $100,000 in damages. For the following reasons, I conclude he has failed to plead a plausible claim for relief.

#### A.    *Bivens* Claims

Plaintiff brings two constitutional claims under *Bivens*.[1]  First, Plaintiff alleges Defendant Gallardo retaliated against him in violation of the First Amendment.   To plead a plausible retaliation claim, a prisoner must provide facts suggesting: (1) he engaged in a constitutionally protected activity, (2) Defendant Gallardo took adverse action against him that would chill a prisoner of ordinary firmness from continuing in the activity, and (3) the adverse action was

---

[1]  In *Bivens*, 403 U.S. 388 (1971), the United States Supreme Court held that plaintiffs may recover damages for some constitutional violations committed by federal agents.  *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining "a Bivens action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

4

motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, No. 18-2360, __ F.3d. __ 2020 WL 4809909 (8th Cir. Aug. 19, 2020) (to be published); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). There is no question Plaintiff engaged in constitutionally protected activity when he filed a lawsuit against Defendant Gallardo. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1025 (8th Cir. 2012). But, as to the second element, carrying personal belongings to another Unit for approximately thirty minutes in warm temperatures is not something unusually burdensome or so atypical from regular prison life that it would deter an inmate from filing any future lawsuits. In other words, it is not something that would "chill a prisoner of ordinary firmness" from engaging in constitutionally protected activities. *See Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) (The ordinary firmness test "is designed to weed out trivial matters from substantial violations of the First Amendment"); *Gonzalez*, 2020 WL 4809909 at *2 (delaying and refusing to provide an inmate with grievance forms was not sufficient adverse action to support a retaliation claim). And, as to the third factor, Plaintiff says Defendant Gallardo punished him on May 28, 2019, because he filed *Staszak 1* against her. But, service was issued in that case on June 21, 2019, and someone from FCI-FC Low accepted service on July 8, 2019 -- which was *after* Defendant Gallardo allegedly retaliated against Plaintiff. *See Staszak 1* (Docs. 10, 11.) "The lack of a temporal connection between the protected activity and the alleged retaliation dispels any inference of a causal connection." *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007). For these reasons, I conclude Plaintiff has failed to plead a plausible retaliation claim against Defendant Gallardo, and I recommend it be dismissed without prejudice.

Plaintiff also says Defendant Gallardo's actions were a violation of his Eighth Amendment rights. The "Constitution does not mandate comfortable prisons" and only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave

to form the basis" of a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992);
*Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, to plead a plausible Eighth
Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he
endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively,
the defendants were deliberately indifferent to the risk of harm posed by the conditions. *Hamner,*
937 F.3d at 1178; *Davis v. Oregon Cnty.,* 607 F.3d 543, 548-49 (8th Cir. 2010). Nothing in the
Complaint suggests Plaintiff endured a substantial risk to his health and safety when he moved his
personal belongings to another Unit for approximately thirty minutes. *See Smith v. Copeland*, 87
F.3d 265, 268 (8th Cir. 1996) (no constitutional violation where a prisoner failed to demonstrate
that he was actually harmed or suffered adverse health consequences as a result of the conditions
of his confinement); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (the length of
time a prisoner endures a condition is important in determining whether it was, objectively, severe
enough to be a constitutional violation). And, although it was unprofessional for Defendant
Gallardo to speak to Plaintiff in a loud and obnoxious manner, it was not a constitutional violation
for her to do so. *Lewis*, 486 F.3d at 1028; *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th
Cir. 2001). Thus, I conclude Plaintiff has failed to plead a plausible Eighth Amendment claim
against Defendant Gallardo, and I recommend it dismissed without prejudice.

### B.   FTCA Claims

Plaintiff alleges Defendant Gallardo committed the torts of negligence and intentional
infliction of emotional distress when she ordered him to move to another Unit in warm
temperatures and without any assistance. The Federal Tort Claims Act ("FTCA") is a limited
waiver of sovereign immunity that allows plaintiffs to hold the United States vicariously liable,
under some circumstances, for some state torts committed by federal employees in the scope of

6

their employment.    *See* 28 U.S.C. § 1346; *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795

(8th Cir. 1998).    "[B]ecause the FTCA is an exclusive remedy for torts committed by federal

employees acting within the scope of their employment, if recovery is not available against the

United States under § 2680, it is not available at all."    *Brown v. Armstrong*, 949 F.2d 1007, 1013

(8th Cir. 1991).    And, the FTCA contains many exceptions to the limited waiver of sovereign

immunity.    Of particular importance to this case is § 1346(b)(2), which provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or
> while serving a sentence may bring a civil action against the United States or an
> agency, officer, or employee of the Government, for mental or emotional injury
> suffered while in custody *without a prior showing of physical injury* or the
> commission of a sexual act (as defined in section 2246 of title 18).

(Emphasis added.)    Plaintiff says that as a result of moving his property for thirty minutes in

warm temperatures, he suffered sleep deprivation, anxiety, and stress headaches.    (Doc. 1 at 3.)

But, such *de minimus* physical injuries do not satisfy § 1346(b)(2).[2]    *See West v. United States*,

729 F. Appx. 145, 147 (3rd Cir. 2018) (unpublished opinion) (being pushed out of a cell by another

federal inmate was a *de minimus* injury that did not satisfy § 1346(b)(2)); *Sublet v. Million,* 451 F.

Appx. 458, 459 (5th Cir. 2011) (unpublished opinion) ("temporary pain stemming from numbness

and tenderness in [the prisoner's] left hand and arm" did not satisfy § 1346(b)(2)); *Shah v. United*

*States,* No. 4:15-cv-00161-SWW-BD, 2015 WL 7753846, at *2 (E.D. Ark. Dec. 14, 2015) ("pain

of body and mind" did not satisfy § 1345(b)(2)), *recommendation adopted,* 2015 WL 7756100;

*see also Cannon v. Burkybile,* No. 99-c-4623, 2000 WL 1409852, at *6 (N.D. Ill. Sept. 21, 2000)

(unpublished opinion) (headaches, insomnia, stress, and stomach anxiety are *de minimi*s symptoms

---

[2] Similarly, in *Staszak 1,* United States Magistrate Judge Patricia Harris has recommended
Plaintiff's FTCA claim be dismissed because the sleep deprivation, anxiety, and stress headaches
he allegedly suffered are *de minimus* injuries that do not satisfy § 1346(b)(2).    *See Staszak 1* (Doc.
44).

that do not constitute a physical injury sufficient to overcome § 1997e(3)); *Williams v. Roper*, No. 4:13-cv-2440-CAS, 2018 WL 1420271, at *8 (E.D. Mo. Mar. 22, 2018) (unpublished opinion) (collecting cases that have held that stress headaches are *de minimus* injuries that do not satisfy the physical injury requirement in the PLRA, 42 U.S.C. § 1997e(e)).    Accordingly, I conclude Plaintiff has not plead plausible tort claims under the FTCA, and I recommend they be dismissed without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2.    Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

8