THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MATTHEW L. STASZAK**                                                                                   **PLAINTIFF**

**v.**                       **Case No. 2:20-cv-00138-KGB**

**UNITED STATES OF AMERICA,** *et al.*                                                          **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe and plaintiff Matthew Staszak's motion for Document 7 and Document 8 (Dkt. Nos. 8, 11). For the following reasons, the Court adopts in part and declines to adopt in part Judge Volpe's Proposed Findings and Recommendations (Dkt. No. 7). The Court grants Mr. Staszak's motion for documents (Dkt. No. 8). The Court construes Mr. Staszak's objections as a motion for leave to amend his complaint and evaluates his objections as the proposed amendment (Dkt. No. 12). The Court grants Mr. Staszak's motion to amend and construes Mr. Staszak's complaint, attachment, and objections as his operative amended complaint in this action (Dkt. Nos. 1, 2, 12).

### I.      Judge Volpe's Proposed Findings and Recommendations

Mr. Staszak's complaint alleges violations of the First and Eighth Amendment to the United States Constitution, negligence, retaliation, and intentional infliction of emotional distress.

#### A.      First Amendment Claims Against Unit Manager Gallardo

Mr. Staszak alleges that defendant Unit Manager Darlene Gallardo retaliated against him in violation of the First Amendment by forcing his May 28, 2019, move out of the Wynne Alpha unit and into the Marianna Bravo unit (Dkt. No. 1, at 3). Mr. Staszak also alleges that Unit Manager Gallardo's reassignment was the reason for his June 2019 move to the Helena Delta unit

(Dkt. No. 8, at 7).  The Court understands Mr. Staszak to challenge both the method of his May 28, 2019, move and the move itself.

"Prison officials may not retaliate against an inmate for filing legal actions in the exercise of his constitutional right of access to the courts."  *Goff v. Burton*, 7 F.3d 734, 736 (8th Cir. 1993).  Although "a prisoner enjoys no constitutional right to remain in a particular institution," *Murphy v. Missouri Dep't of Correction*, 769 F.2d 502, 503 (8th Cir.1985), and although generally prison officials "may transfer a prisoner 'for whatever reason or for no reason at all,'" *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)), a prisoner cannot be transferred in retaliation for the exercise of a constitutional right.  *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir.1991); *Murphy*, 769 F.2d at 503; *Garland v. Polley*, 594 F.2d 1220, 1223 (8th Cir.1979).  In raising a retaliatory transfer claim, the prisoner must "'face a substantial burden in attempting to prove that the actual motivating factor for his transfer'" was the impermissible retaliation.  *Murphy*, 769 F.2d at 503 n. 1 (quoting *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.1979)).

Judge Volpe's Proposed Findings and Recommendations acknowledge that Mr. Staszak engaged in protected activity by filing a lawsuit against Unit Manager Gallardo but determined that the alleged adverse action taken against Mr. Staszak was not something that would "'chill a prisoner of ordinary firmness' from engaging in protected activities."  (Dkt. No. 8, at 5 (citing *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013)).  Judge Volpe also determined that the protected activity and alleged adverse action lacked the temporal proximity to maintain a retaliation claim (Dkt. No. 8, at 5).  Judge Volpe in his Proposed Findings and Recommendations did not afford Mr. Staszak the opportunity to amend his complaint to cure these deficiencies.  Instead, Judge Volpe recommended dismissal of the entire action.

In his objections, Mr. Staszak who is proceeding *pro se,* requests the right to amend his complaint to cure the deficiencies addressed by Judge Volpe if his objections are not sufficient to do so (Dkt. No. 12, at 15). Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. However, there is no absolute or automatic right to amend one's complaint. *Deutsche Fin. Servs. Corp. v. BCS Ins. Co.,* 299 F.3d 692, 700 (8th Cir. 2002). This Court construes Mr. Staszak's objections as a motion to amend his complaint and evaluates the objections as the proposed amendment, given the nature of and allegations included with those objections.

In his objections, Mr. Staszak sufficiently addresses at this stage of the litigation the temporal proximity argument, stating that, though Unit Manager Gallardo had not yet been formally served, she was "WELL-INFORMED AND AWARE of Staszak's lawsuit against her prior to May 28, 2019." (Dkt. No. 12, at 6). Though service was not issued until June 21, 2019, and not accepted until July 8, 2019, Mr. Staszak has alleged facts in his opposition to Judge Volpe's Proposed Findings and Recommendations plausibly asserting that Unit Manager Gallardo was aware of the lawsuit, which had been filed on May 9, 2019, before the alleged retaliatory actions taken against Mr. Staszak. On this point, this Court determines that Mr. Staszak's amended complaint should survive screening on this issue and that permitting the amendment would not be futile.

The Court is inclined to agree with Judge Volpe that "carrying personal belongings to another Unit for approximately thirty minutes in warm temperatures is not something unusually burdensome or so atypical from regular prison life that it would deter an inmate from filing any future lawsuits." (Dkt. No. 8, at 5). In his objections, Mr. Staszak does not effectively challenge this conclusion.

However, based on allegations in Mr. Staszak's complaint and objections, this Court understands Mr. Staszak's retaliation claim to include the fact of the move to a different unit itself, not just the circumstances under which Mr. Staszak was required to make the move. The Court finds that Mr. Staszak in his complaint and objections has alleged at this stage of the litigation facts sufficient to support his claim that the move itself was retaliation for filing a previous lawsuit. Mr. Staszak compares and contrasts the conditions in the two units, demonstrates that he has filed complaints about the unit, and generally alleges a disparity in the units' conditions (*see* Dkt No. 12).

For these reasons, after careful review of the Proposed Findings and Recommendations and Mr. Staszak's objections, the Court adopts, in part, and declines to adopt, in part, Judge Volpe's Proposed Findings and Recommendations (Dkt. No. 8). The Court adopts the Proposed Findings and Recommendations to the extent Judge Volpe recommends dismissing Mr. Staszak's retaliation claim under the First Amendment based on the alleged circumstances of his May 28, 2019, move. In other words, this Court agrees that allegations regarding "carrying personal belongings to another Unit for approximately thirty minutes in warm temperatures [are] not something unusually burdensome or so atypical from regular prison life that it would deter an inmate from filing any future lawsuits." (Dkt. No. 8, at 5). The Court declines to adopt the Proposed Findings and Recommendations regarding Mr. Staszak's retaliation claim under the First Amendment based on the alleged conditions in the unit to which Mr. Staszak was transferred and the disparity between the unit into which he was transferred and the unit from which he came. Mr. Staszak has sufficiently alleged a disparity in conditions resulting from the move that, if true, may be found by a factfinder to be unusually burdensome or so atypical from regular prison life that it would deter an inmate from filing any future lawsuits. The Court grants Mr. Staszak's request to

amend his complaint to address the deficiencies noted by Judge Volpe, construes the objection to be the amendment (Dkt. No. 12), and considers Mr. Staszak's *pro se* complaint to include Docket Numbers 1, 2, and 12.

For these reasons, Mr. Staszak may proceed on his First Amendment claims to the extent they challenge the move itself to an allegedly substandard unit as retaliatory.

### B.    Eighth Amendment Claims Against Unit Manager Gallardo

Mr. Staszak also claims that Unit Manager Gallardo's actions were a violation of his Eighth Amendment rights. Although the Court agrees that nothing in the complaint nor Mr. Staszak's objections suggests that Mr. Staszak endured a substantial risk to his health and safety when he moved his personal belongings to another unit for approximately 30 minutes, Mr. Staszak does allege that he endured a substantial risk to his health and safety when he moved to the new Marianna Bravo unit given the conditions at that unit (Dkt. No. 6-7).

Further, in his complaint and objections which the Court construes as a motion to amend his complaint and proposed amendment, the Court understands Mr. Staszak to allege that, on or about the end of June 2019, Mr. Staszak was required to move again from the Marianna Bravo unit to the Helena Delta unit, which he contends resulted from acts taken by Unit Manager Gallardo, and that Mr. Staszak seeks to sue over conditions at the Helena Delta unit, as well (Dkt. No. 12, at 7-9). He contends that the conditions at the Helena Delta unit were "inhumane, unsafe and unhealthy conditions" in violation of his Eighth Amendment rights.

Therefore, after careful review of the Proposed Findings and Recommendations and Mr. Staszak's objections, and a *de novo* review of the record, the Court agrees with and adopts Judge Volpe's findings with regard to Mr. Staszak's Eighth Amendment claims purportedly premised on the circumstances under which he conducted the move. In other words, the Court determines Mr.

Staszak fails to allege an actionable Eighth Amendment claim based on allegations of "carrying personal belongings to another Unit for approximately thirty minutes in warm temperatures." The Court declines to adopt Judge Volpe's Proposed Findings and Recommendations regarding the Eighth Amendment claim based on the conditions at the new Marianna Bravo unit and the Helena Delta unit. Mr. Staszak has alleged sufficient facts to state Eighth Amendment claims that survive screening to that extent.

### C. Federal Tort Claim Acts Claims Against The United States

Mr. Staszak alleges defendant Gallardo committed the torts of negligence and intentional infliction of emotional distress when she ordered him to move to the Marianna Bravo unit in warm temperatures and without any assistance. In his objections, Mr. Staszak does not dispute Judge Volpe's conclusion that his alleged physical injuries are *de minimus*, but rather lists cases not controlling in the Eighth Circuit and unrelated to his Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), claims (Dkt. No. 8, at 12). Therefore, after careful review of the Proposed Findings and Recommendations and Mr. Staszak's objections, and a *de novo* review of the record, the Court agrees with and adopts Judge Volpe's findings with regard to Mr. Staszak's FTCA claims.

## II. Mr. Staszak's Motion For Documents

Also pending before the Court is Mr. Staszak's motion for Document 7 and Document 8 (Dkt. No. 11). For good cause shown, the Court grants this motion. The Court directs the Clerk to resend to Mr. Staszk the docket sheet in this case, as well as copies of Document 7 and Document 8 which are Judge Volpe's Order granting Mr. Staszak's *in forma pauperis* application and Proposed Findings and Recommendations (Dkt. Nos. 7, 8).

### III. Service Of Complaint

Given the Court's ruling adopting in part and declining to adopt in part the Proposed Findings and Recommendations, the Court orders service of Mr. Staszak's complaint, attachment, and objections which the Court construes as Mr. Staszak's operative complaint (Dkt. Nos. 1, 2, 12), along with a copy of this Order, on defendants by the United States Marshal Service. Mr. Staszak has been granted leave to proceed *in forma pauperis* in this action and, therefore, is entitled to have the assistance of the United States Marshal Service in serving his complaint. Fed. R. Civ. P. 4(c)(3). Within 21 days from the entry of this Order, Mr. Staszak must provide to the Court in writing the names and addresses of defendants to be served with Mr. Staszak's operative complaint.

It is so ordered this 23rd day of September, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge