**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

MATTHEW L. STASZAK                                                                                      PLAINTIFF
Reg. #24227-171

v.                                            2:20-cv-00138-KGB-JJV

UNITED STATES OF AMERICA;
and DARLENE GALLARDO                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Matthew L. Staszak ("Plaintiff") is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas. In June 2020, he filed a *pro se* Complaint and an Attachment alleging: (1) Defendant Darlene Gallardo violated his constitutional rights, as protected by *Bivens v. Six*

1

*Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and (2) Defendant United States of America is liable for state torts committed by Defendant Gallardo under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671-2680. (Docs. 1, 2.) In September 2020, I entered a Recommended Disposition suggesting both claims be dismissed, pursuant to screening mandated by 28 U.S.C. § 1915A, for failing to state a claim upon which relief may be granted.[1] (Doc. 8.)

On September 23, 2021, the Honorable Kristine G. Baker, United States District Judge, adopted my recommendation that the FTCA claim be dismissed without prejudice. (Doc. 20.) In contrast, construing the Complaint, Attachments, and Plaintiff's Objections collectively as an Amended Complaint (Docs. 1, 2, 12), Judge Baker found Plaintiff pled a plausible First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim against Defendant Gallardo under *Bivens*.[2] (*Id*.) Judge Baker then gave Plaintiff twenty-one days to provide addresses so that service could be ordered as to those two claims. (*Id*.) However, as will be discussed below, recent case law suggests Plaintiff's retaliation and conditions of confinement claims can no longer be brought under *Bivens*. Accordingly, I recommend Plaintiff's *Bivens* be dismissed with prejudice, and this case be closed.

## II. DISCUSSION

In *Bivens*, the United States Supreme Court "broke new ground" by recognizing, without

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] The United States of America is not a proper defendant in Plaintiff's remaining *Bivens* claims. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, it should be dismissed without prejudice from this action.

any statutory authorization from Congress, an implied cause of action for damages against federal officers who violated the Fourth Amendment by conducting a warrantless search and making an illegal arrest. *Bivens,* 403 U.S. 388; *Hernandez v. Mesa*, 140 S.Ct. 735, 741 (2020). During the next forty years, the Supreme Court extended *Bivens* to include implied causes of action in only two other cases: (1) *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), allowing a congressional staff member to bring a wrongful termination claim based on gender discrimination under the Fifth Amendment; and (2) *Carlson v. Green*, 446 U.S. 14 (1980), allowing a federal prisoner to bring an inadequate medical care claim against a federal prison under the Eighth Amendment. *Hernandez*, 140 S.Ct. at 741. Nevertheless, many federal courts presumed *Bivens* applied to all types of constitutional violations.

In *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017), the Supreme Court explained that is not the case and held that applying *Bivens* to a "new context" other than those previously recognized in *Bivens*, *Davis*, or *Carlson* is a "disfavored judicial activity." The Court then instructed lower courts to apply a two-step test to determine whether an implied cause of action is available under *Bivens*. *Id.*

At step one, the court must decide whether the case presents the same facts and legal claim previously recognized in *Bivens, Davis,* or *Carlson*. *Id*. Importantly, raising a claim under the Fourth, Fifth, or Eighth Amendment is not enough. *Hernandez*, 140 S. Ct. at 743. Instead, while not an exhaustive list, the case must involve the same facts, elements of proof, and category of defendants as recognized in *Bivens*, *Davis*, or *Carlson*. *Id.*; *compare Carlson*, 446 U.S. at 16-18 (allowing *Bivens* action for prisoner who claimed a federal prison violated the Eighth Amendment by failing to provide him with adequate medical care); *with Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71-74 (2001) (declining to recognize a *Bivens* action for the same claim raised by a

prisoner in a private prison). In fact, the Eighth Circuit has recently explained that a case raises a "new context" if: "No Supreme Court case <u>exactly mirrors</u> the facts and legal issues presented." *Farah v. Weyker,* 926 F.3d 492, 498 (2020) (emphasis added). And, it has cautioned: "If the tests sounds strict, it is." *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020).[3] If the case survives step one, it may proceed without addressing step two. Here, Plaintiff alleges Defendant Gallardo violated: (1) the First Amendment by retaliating against him for filing a lawsuit against her; and (2) the Eighth Amendment by subjecting him to a variety of inhumane conditions of confinement at his new unit. Both claims are significantly different in their facts and elements of proof from the three narrow claims previously recognized in *Bivens*, *Davis*, and *Carlson*. Thus, I must proceed to step two of the analysis.

At step two, I must decide if there are any "special factors" that should "cause a court to hesitate" before recognizing a new implied cause of action without "express congressional authorization." *Ziglar*, 137 S. Ct. at 1858. As explained by the Eighth Circuit, "[i]t does not take much" because "Congress is usually in the better position to weigh the costs and benefits of creating a new substantive legal liability." *Ahmed*, 984 F.3d at 570 (quoting *Farah*, 926 F.3d at 500). Keeping in mind that expanding *Bivens* is "a disfavored judicial activity," I find under the circumstances of this case that *Bivens* should not be extended for the following reasons. *Ziglar,* 137 S.Ct. at 1857. First, recognizing new implied causes of action for Plaintiff's retaliation and

---

[3] For example, in *Ahmed,* two plaintiffs claimed a federally deputized agent violated their Fourth Amendment rights by illegally arresting them. *Ahmed*, 984 F.3d at 566-68. The Eighth Circuit held the case was "different in a meaningful way from *Bivens*" because: (1) the plaintiffs were challenging how information leading to their arrest was gathered and not how the actual arrest was conducted, as in *Bivens*; (2) the defendant provided false information leading to the arrest but did not actually participate in the arrest; (3) the "mechanism of injury" was different given the defendant's indirect role in the arrest; and (4) the elements of proof were different. *Id.* at 568-570.

conditions of confinement claims would engage the courts in disputes that should be resolved in the executive administrative process. *See Id.* at 1865; *Farah*, 926 F.3d at 500-01; 28 C.F.R. §§ 542.10-.19. "Furthermore, legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Ziglar*, 137 S.Ct. at 1865. The Prison Litigation Reform Act, which does not provide for a standalone damages remedy against federal officials, suggests Congress did not wish to extend *Bivens* damages remedies beyond what has already been recognized. And, as explained by the Eighth Circuit, expansion of a *Bivens* remedy is disfavored because "separation of powers generally vests the power to create new causes of action in Congress, not us." *Ahmed*, 984 F.3d at 567. For these reasons, I join other courts finding that special factors counsel against extending *Bivens* to the retaliation[4] and conditions of confinement claims[5] raised by Plaintiff. Accordingly, this case should be dismissed with prejudice for failing to state a claim upon which relief may be granted.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendant United States of America be DISMISSED without prejudice because Plaintiff has not pled a plausible FTCA claim against it.

---

[4] *See Mack v. Yost*, 968 F.3d 311, 322-23 (3rd Cir. 2020) (declining to extend *Bivens* to a prisoner's retaliation claim); *Earle v. Shreves*, 990 F.3d 774, 781 (4th Cir. 2021) (same); *Watkins v. Three Admin. Remedy Coordinators of Bureau of the Prisons*, 998 F.3d 682, 685-686 (5th Cir. 2021) (same); *Gonzalez v. Bendt*, No. 4:16-CV-04038-KES, 2018 WL 1524752, at *4 (D.S.D. 2018), *aff'd* 971 F.3d 742 (8th Cir. 2020) (unpublished opinion) (same).

[5] *See Mammana v. Barben*, No. 20-2364, 2021 WL 2026847 (3d Cir. May 21, 2021) (unpublished opinion) (declining to extend *Bivens* to a prisoner's conditions of confinement claim); *Schwarz v. Meinberg*, No. 17-55298, 761 Fed. Appx. 732, 734 (9th Cir. Feb. 13, 2019)(same); *Jackson v. Logsdon*, No. 3:21-cv-42-BRW-JJV, 2021 WL 1741865 (E.D. Ark. Apr. 12, 2021), *report and recommendation adopted*, 2021 WL 1738980 (E.D. Ark. May 3, 2021) (unpublished opinion) (same).

  2. Plaintiff's *Bivens* claims against Defendant Gallardo be DISMISSED with prejudice for failing to state a claim upon which relief may be granted.

  3. This case be CLOSED.

  4. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[6]

DATED this 6th day of October 2021.

                _____
                JOE J. VOLPE
                UNITED STATES MAGISTRATE JUDGE

---

[6] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."