THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MATTHEW L. STASZAK**                                                                               **PLAINTIFF**
Reg. # 24227-171

v.                              Case No. 2:20-cv-00138-KGB

**UNITED STATES OF AMERICA,** *et al.*                                                       **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations entered October 6, 2021 ("2021 Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 22). Plaintiff Matthew Staszak filed timely objections (Dkt. No. 25). For the following reasons, the Court adopts the 2021 Recommendation as this Court's findings in all respects.

**I.      2020 Recommendation And The Court's September 23, 2021, Order**

The Court provides the following procedural history regarding this matter. Mr. Staszak filed his initial complaint in this action against defendants the United States and Unit Manager Darlene Gallardo (Dkt. No. 1). Judge Volpe screened Mr. Staszak's initial complaint, entering Proposed Findings and Recommendations on September 8, 2020 ("2020 Recommendation") (Dkt. No. 8). In the 2020 Recommendation, Judge Volpe determined that Mr. Staszak brought two constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), one for an alleged violation of the First Amendment and one under the Eighth Amendment (Dkt. No. 8, at 4). For reasons set out in the 2020 Recommendation, Judge Volpe determined that Mr. Staszak failed to plead a plausible retaliation claim against Unit Manager Gallardo and failed to plead a plausible Eighth Amendment claim against Unit Manager Gallardo (*Id.*, at 5, 6). Judge Volpe also examined Mr. Staszak's claims for the torts of negligence and intentional infliction of emotional distress, concluding that Mr. Staszak failed to state such claims

under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), as required and that, therefore, Mr. Staszak's tort claims should be dismissed without prejudice (Dkt. No. 8, at 8). Judge Volpe recommended that all of these claims be dismissed without prejudice for failing to state a claim upon which relief may be grant (*Id.*).

In an Order entered September 23, 2021, the Court adopted in part and denied in part Judge Volpe's 2020 Recommendation (Dkt. No. 20). The Court in its September 23, 2021, Order granted Mr. Staszak's motion to amend his complaint to the extent that the Court considered as Mr. Staszak's amended and operative complaint Docket Entries 1, 2, and 12 (Dkt. No. 20, at 1, 5). The Court in its September 23, 2021, Order adopted Judge Volpe's 2020 Recommendation in part and dismissed Mr. Staszak's First Amendment and Eighth Amendment claims against Unit Manager Gallardo to the extent that those claims arose from "carrying personal belongings to another Unit for approximately thirty minutes in warm temperatures" (Dkt. No. 20, at 4, 6 (internal citation omitted)). However, the Court declined to adopt the 2020 Recommendation related to Mr. Staszak's claim that prison officers retaliated against him by transferring him to an "allegedly substandard unit" (*Id.*). The Court also dismissed Mr. Staszak's Federal Tort Claims Act claims, granted a motion for documents, and provided Mr. Staszak 21 days to provide the Court with the names and addresses of defendants to be served (*Id.*, at 6, 7). Essentially, this Court determined that Mr. Staszak had stated through his complaint, attachments, and objections, which the Court construed as an amended complaint, a plausible First Amendment retaliation claim based upon the transfer to an allegedly substandard unit and an Eighth Amendment conditions of confinement claim based on the alleged conditions at the new Marianna Bravo Unit and the Helena Delta Unit against Unit Manager Gallardo under *Bivens* (*Id.*, at 4, 6). Those were new claims, added through Mr. Staszak's amendment, that had not been screened by Judge Volpe.

## II.     2021 Recommendation

Mr. Staszak then filed a motion for service of his claims (Dkt. No. 21).  In response to that motion and this Court's September 23, 2021, Order, Judge Volpe engaged in another review and screening of Mr. Staszak's amended complaint, examining what this Court considered as Mr. Staszak's amended complaint to include Docket Entries 1, 2, and 12 (Dkt. No. 20, at 1, 5).  On October 5, 2021, Judge Volpe entered another Proposed Findings and Recommendations ("2021 Recommendation"), recommending that Mr. Staszak's *Bivens* claims against Unit Manager Gallardo for a First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim based upon the transfer to an allegedly substandard unit be dismissed with prejudice (Dkt. No. 22, at 2).  Judge Volpe analyzed recent case law that suggests Mr. Staszak's First Amendment retaliation and Eighth Amendment conditions of confinement claims may no longer be brought under *Bivens*.

## III.    Objections To The 2021 Recommendation

Mr. Staszak timely filed objections to the 2021 Recommendation (Dkt. No. 25).  He also filed several notices regarding this matter (Dkt. Nos. 26-28).

## IV.    Analysis

After careful review of the 2021 Recommendation, Mr. Staszak's objections and notices, and a *de novo* review of the entire record, the Court concludes that the 2021 Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 22).  The Court has reviewed the authorities cited by Judge Volpe and additional authorities.  *Egbert v. Boule*, 142 S.Ct. 1793 (2022); *Clutts v. Lester*, – F.Supp.3d –, 2023 WL 3901489 (N.D. Iowa June 8, 2023); *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020).  For these reasons, the Court dismisses with prejudice Mr. Staszak's *Bivens* claims under the First

Amendment and Eighth Amendment, including but not limited to those claims based upon the transfer to an allegedly substandard unit and alleged conditions at the new Marianna Bravo Unit and the Helena Delta Unit.

### V.     Conclusion

This Court orders that Mr. Staszak's complaint be dismissed for failing to state a claim upon which relief may be granted. The Court dismisses without prejudice Mr. Staszak's tort and FTCA claims. The Court dismisses with prejudice Mr. Staszak's *Bivens* claims alleging violations of the First and Eighth Amendments. The Court denies the relief requested. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 20th day of September, 2023.

_____
Kristine G. Baker
United States District Judge